# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:14cr00014 |
| v. | **REPORT AND RECOMMENDATION** |
| JAMES KIRK BALDI, | By: Hon. James G. Welsh |
| *Defendant* | U.S. Magistrate Judge |

On April 24, 2014 came the United States, by counsel, and came also Defendant, in his own proper person and by his previously appointed counsel. After reaffirming appointment of counsel for the defendant, the parties, by counsel, represented that they had entered into an understanding, pursuant to which the defendant desired to waive his absolute right to grand jury presentment and to permit the filing of a criminal Information charging him with the willful failure to collect or pay over tax on behalf of clients for the third and fourth quarters of 2009 and the first and second quarters of 2010, a felony offense.

The court then received for filing the Information charging in **Count One:** (1) that during the calendar years 2009 and 2010 the defendant conducted an accounting/return preparation business under the name CSGI, LLC, a/k/a Virginia Payroll and Tax LLC, a/k/a Baldi Associates, with its principal place of business in Charlottesville, Virginia; (2) that the defendant was responsible for the preparation and filing of employment tax returns as well as other payroll services for various clients of GSGI, LLC, and the defendant was authorized to transfer client funds into a bank account held in the names of CSGI, LLC, and/or Virginia Payroll and Tax,

LLC, and that all of these accounts were under the exclusive control of the defendant, and that the funds were to be held in escrow to pay the client's tax liabilities including state and federal employment taxes and employment payroll withholdings; (3) that pursuant to United States' tax laws and regulations employment taxes and employee payroll taxes withheld must be paid over to the Internal Revenue Service following the close of every three-month "quarter;" and (4) that on or between 2009 and 2010, JAMES KIRK BALDI in the Western Judicial District of Virginia, did willfully fail to file Internal Revenue Service Forms 940 and 941 and to pay over to the Internal Revenue Service the related taxes on behalf of certain clients, which were due and owing to the United States of America, for the third and fourth quarters of 2009 and the first and second quarters of 2010. All in violation of Title 26, United States Code, Section 7202.

In accordance with the provisions of Title 28 U.S.C. § 636(b) and with the express consent of the defendant and his counsel, an initial appearance and waiver of indictment was conducted in open court before the undersigned on April 24, 2014. The proceedings were recorded by a court reporter. *See* Rule 11(g). The United States was represented by Ronald M. Huber, Assistant United States Attorney. The defendant was at all times present in person and with his counsel, Andrea S. L. Harris, Assistant Federal Public Defender.

After the defendant was placed under oath, he stated that he understood his obligation to testify truthfully in all respects under penalty of perjury, and he understood the government's right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. The defendant then testified that his name is JAMES KIRK BALDI; he is over the age of eighteen years and has a college education. He represented that he can read, write and understand the English language without difficulty, that he has no medical condition, either physical or mental, which might interfere with his ability to fully understand and participate in the proceeding, that he is using no medication or drugs which might impair his

ability to understand and participate in the proceeding, and that his mind is clear. The defendant's attorney then stated that he had no reservations about his client's competency either to waive grand jury indictment to the charges contained in the one-count Information.

## DEFENDANT'S RESPONSES TO RULE 7 INQUIRIES

The defendant testified that he was fully satisfied with the services of his attorney, that he had discussed the charge with his attorney, that he had previously received a copy of the Information and had read it, that he fully understood the charge, and that he knew it charged him with a felony offense for which he could be sentenced to a significant term of imprisonment. He further testified that he knew he had an absolute constitutional right to be charged with the offense pursuant to a grand jury indictment. He stated that he understood a grand jury might not find probable cause to believe he had committed the alleged offense, that a grand jury might not return an indictment against him on the charge, and that his waiver of indictment would mean that the charge in the Information would proceed as though he had been indicted. Upon further questioning, the defendant confirmed that no threats or promises had been made to induce him to waive grand jury indictment and that his decision to proceed on the charged offense by Information was fully voluntary.

The defendant's counsel then confirmed that she had discussed with her client the issues related to a waiver of indictment on the offense charged in the Information, that her client fully understood his right to indictment by grand jury, and that the decision of the defendant to waive indictment on the charge was fully voluntary on his part.

After acknowledging his signature on the written Waiver of Indictment, it was received, filed and made a part of the record. The Information formally charging the defendant with violation of 26 U.S.C. § 7202, as set forth in more detail above, was also filed and made a part of

the record. In connection therewith, it was noted for the record that the defendant's waiver of indictment was knowingly and voluntarily made and that its acceptance would be recommended.

## FINDINGS OF FACT

Based on the representations of counsel, and defendant's sworn testimony presented as part of the Rule 7 inquiry, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant fully understands his absolute right to Grand Jury presentment;

2. The defendant's waiver of his right to Grand Jury presentment was made knowingly, voluntarily, with the advice and assistance of counsel, not as the result of any threats, promises or inducements;

3. The defendant is fully competent and capable of waiving Grand Jury presentment and agreeing to the filing of an Information alleging the offense set forth in Count One of the Information;

4. The defendant is fully aware both of the nature of the charge set forth in the Information and the fact that it charges a felony offense;

5. The defendant's waiver of indictment complies with the requirements of Rule 7(b); and

6. The nature and contents of the Information comply with the requirements of Rule 7(c).

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's waiver of indictment pursuant to Rule 7 and that a Rule 11 plea hearing be scheduled for June 18, 2014 at 11:00 am in Charlottesville before the presiding district judge.

## NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by

the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 29th day of April 2014.

*s/ James G. Welsh*
U. S. Magistrate Judge